UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CITON GROUP, INC., et al.,           ) | |
|    Plaintiffs,                                   ) | |
|      vs.                                          ) | CAUSE NO.  1:08-cv-1230-WTL-JMS |
| ROBERT W. FONTAINE II, et al.,   ) | |
|    Defendants.                              ) | |

### ENTRY REGARDING MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on the Plaintiffs' Motion for Default Judgment as to both defendants, Robert W. Fountaine II and Axxess Insurance of Florida, Inc. ("Axxess"). There are several problems that prevent the Court from granting the motion.

First and foremost, a default judgment may be entered only against a defendant who has been defaulted. Federal Rule of Civil Procedure 55(b). The Plaintiffs have not requested the entry of default against the defendants pursuant to Federal Rule of Civil Procedure 55(a), and therefore the motion for default judgment is premature.

Second, it is not clear from the record that the entry of default, if requested, would be appropriate against Defendant Axxess. The Affidavit of Service with regard to Axxess indicates that service was made upon it by serving Robert W. Fontaine. However, there is nothing in the record to establish that such service was appropriate; in other words, there is no affidavit establishing that Robert W. Fontaine is (or was, since Axxess has been dissolved) "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Axxess, making it appropriate to serve Axxess by serving him. *See* Federal Rule of Civil Procedure 4(h). The Court also notes that the docket does not indicate that

a summons was issued for Axxess, although the Affidavit of Service does indicate that a summons and the amended complaint were served upon it (via Fontaine).

Finally, before default judgment may be entered against Fontaine, the Plaintiffs must file the affidavit of non-miliary service required by 50 App. U.S.C.A. § 521.

The motion for default judgment therefore is **DENIED** without prejudice. If the Plaintiffs wish to file a request for entry of default, they should ensure that it is accompanied by an affidavit that includes all of the necessary information as set forth above.

SO ORDERED: 02/05/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP
cpinkus@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com